IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| REGINALDO VIANA DE SA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-112 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a native of Brazil and currently an inmate at McRae Correctional Institution in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. He seeks a transfer to Brazil to serve the remainder of his federal sentence pursuant to the Inter-American Convention on Serving Criminal Sentences Abroad, June 9, 1993, S. Treaty Doc. No. 104-35. This petition challenges the denial of his transfer request by the Department of Justice's Office of Enforcement Operations, Criminal Division, International Prisoner Transfer Unit. For the reasons discussed below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED WITH PREJUDICE** and that this civil action be **CLOSED**.

### I.   APPLICABLE CONVENTION, STATUTES, AND REGULATIONS.

The Transfer of Offenders to or from Foreign Countries Act, 18 U.S.C. § 4100 *et seq.* ("Transfer Act") provides the Attorney General with the discretionary authority to transfer offenders serving a prison term to foreign countries of which they are citizens or nationals,

but "only when a treaty providing for such a transfer is in force." 18 U.S.C. §§ 4100a, 4102(3), (4). As authorized by § 4102(11) of the Transfer Act, the Attorney General has delegated this statutory authority to grant or deny transfer requests the Department of Justice. 28 C.F.R. § 0.96b; 28 C.F.R. § 527.40.[1] Within the Department of Justice, regulations place responsibility for administering the international transfer program on the Office of Enforcement Operations, Criminal Division, International Prisoner Transfer Unit ("DOJ Transfer Unit"). 28 C.F.R. § 527.44(c). Neither the Transfer Act nor the regulations limits the Transfer Unit's discretion to accept or reject prison transfer requests. 18 U.S.C. §§ 4102(1), (3); 28 C.F.R. § 527.44(d).

Petitioner is a citizen of Brazil. The United States and Brazil are parties to the Inter-American Convention on Serving Criminal Sentences Abroad, June 9, 1993, S. Treaty Doc. No. 104-35 ("Convention"). Under the Convention, a sentence imposed upon a national of another state "may be served by the sentenced person in the state of which he or she is a national." Id., Art. II. A transfer may occur only upon (1) the satisfaction of seven conditions delineated in Article III of the Convention; and (2) consent of the sentencing state, receiving state, and the prisoner, as required by Articles III and V. With respect to consent, the United States Senate expressly conditioned its approval of the Convention on its understanding that the Convention requires "the concurrence of the sentencing state, the receiving state, and the prisoner. . . ." S. Exec. Rep. No. 106-211 (2000). The Convention does not in any way limit a state's discretion in determining whether to concur with a transfer request. Instead, it merely provides the following list of factors that a state may consider,

---

[1]Citations are to the version of the Code of Federal Regulations in effect in 2014, as those were the regulations in effect at the time of Petitioner's request for a transfer was denied.

2

among any others: "the possibility of contributing to the person's social rehabilitation; the gravity of the offense; the criminal record of the sentenced person, if any; the state of health of the sentenced person; and the family, social, or other ties the sentenced person may have in the sentencing state and the receiving state." Art. V(6).

By letter dated July 31, 2014, the DOJ Transfer Unit denied Petitioner's request for transfer, stating as follows: "After considering all of the appropriate factors in this transfer application, the United States has denied the request to transfer to Brazil. . . . The United States denied the transfer application because of serious law enforcement concerns." (Doc. no. 1, p. 14.)

## II. BECAUSE TRANSFER DECISIONS ARE DISCRETIONARY, PETITIONER HAS NO LIBERTY INTEREST IN A TRANSFER AND NO STANDING TO CHALLENGE HIS DENIAL, AND THE ADMINISTRATIVE PROCEDURES ACT PRECLUDES JUDICIAL REVIEW.

A petitioner is entitled to habeas relief under § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has no liberty interest in a transfer, nor standing to challenge his transfer denial, because the transfer determination lies completely within the unfettered discretion of the Attorney General and, by designation, the DOJ Transfer Unit.[2] Indeed, as § I details, the Transfer Act and Convention do not set out any particularized standards or criteria to guide the DOJ Transfer Unit in making transfer decisions, and they do not place any substantive limitations on the DOJ Transfer Unit's official discretion. As a result, Petitioner has no

---

[2]The Court rejects Respondent's argument that "§ 2241 is not the proper vehicle to bring his allegations." (Doc. no. 10, p. 3.) After successfully arguing in the Southern District of Florida that Petitioner's request for relief must be dismissed and raised in a § 2241 petition in this District, Respondent will not now be heard to argue just the opposite in an effort to have the instant case dismissed. See United States v. De Sa, 1:12-CR-20819-PCH, doc. nos. 53-55 (S.D. Fla. Aug. 26, 2014).

3

protected liberty interest in a transfer and no standing to challenge the transfer denial or compel a transfer. See, e.g., Bagguley v. Bush, 953 F.2d 660, 662 (D.C. Cir. 1991) (finding no protected liberty interest in transfer because DOJ Transfer Unit has unfettered discretion to deny transfer under Transfer Act and applicable treaty).

The Administrative Procedures Act also prohibits judicial review of the transfer denial since the transfer decision is committed to agency discretion. 5 U.S.C. § 701(a)(2). Even when Congress has not affirmatively precluded judicial oversight, "review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." Webster v. Doe, 486 U.S. 592, 600 (1988). Because the Transfer Act and Convention authorize transfer upon certain conditions but do not set forth mandatory criteria to be employed, whether to grant a transfer application is not reviewable by this Court. Bagguley, 953 F.2d at 662; Scalise v. Thornburgh, 891 F.2d 640, 648-49 (7th Cir. 1989).

The Court clears no new path here. Scores of courts before it have denied for the same reasons all manner of prisoner challenges to denials of international transfer requests. Marquez-Ramos v. Reno, 69 F.3d 477, 480 (10th Cir. 1995); Bagguley, 953 F.2d at 662; Scalise, 891 F.2d at 648-49; Dang v. Ask-Carlson, No. 1:13-CV-32, 2013 WL 3424175, at *2-3 (W.D. La. July 8, 2013); Walsh v. Scott, No. 4:11CV64, 2011 WL 8609593, at *3 (N.D. Fla. Dec. 8, 2011); Toor v. Holder, 717 F. Supp.2d 100, 108-10 (D.D.C. 2010); Wirsz v. Sugrue, No. 1:09-cv-01204, 2010 WL 3957500, at *4-5 (E.D. Cal. Oct. 8, 2010); Yosef v. Killian, 646 F. Supp.2d 499, 507-09 (S.D.N.Y. 2009); Bartsch v. United States Dep't of Justice, Civ. Act. No. 08-4J, 2009 WL 1904527, at *1 (W.D. Pa. July 1, 2009); Pansing v. Mukasey, No. 06-Civ. 10214, 2008 WL 3861222, at *1 (S.D.N.Y. Aug. 18, 2008); Davies v.

Smith, No. 4:07CV524, 2008 WL 1766569, at *1 (N.D. Fla. Apr. 11, 2008); Romero v. Vasbinder, No. 2:06-CV-14967, 20 06 WL 3313745, at *2-3 (E.D. Mich. Nov. 13, 2006); Moontri v. Warden, Maine State Prison, Civ. No. 06-CV-122, 2006 WL 2009072, at *1 (D.N.H. July 14, 2006); Johnson v. United States, No. C05-1204, CR 03-425, 2005 WL 3242130, at *1 (W.D. Wash. Nov. 30, 2005); Hart v. Wilson, No. C 96-0427, 1996 WL 371430, at * 2 (N.D. Cal. June 25, 1996).

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED WITH PREJUDICE** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA